# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ************************************ | : | PROCEEDINGS FOR |
| IN RE: | : | REORGANIZATION UNDER |
|     BERNIE'S AUDIO VIDEO | : | |
|     TV APPLIANCE CO., INC. | : | |
| | : | CHAPTER 11 |
|         DEBTOR | : | |
| | : | CASE NO. |
| ************************************ | | |

## MOTION FOR PRELIMINARY AND FINAL ORDER AUTHORIZING DEBTOR IN POSSESSION TO USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION TO RBS CITIZENS, N.A.

TO:    THE HONORABLE ALBERT S. DABROWSKI
          CHIEF UNITED STATES BANKRUPTCY JUDGE

      The above-captioned Debtor as debtor in possession ("Debtor") by and through its counsel, Rogin Nassau LLC, makes this Motion for Preliminary and Final Order Authorizing Debtors in Possession to Use Cash Collateral and Granting Adequate Protection to RBS Citizens, N.A. (the "Lender") (the "Motion") pursuant to 11 U.S.C. §§ 363 and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and respectfully represents:

      l.      On this date, Debtor has filed its petition seeking relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code") with this Court, and now operates its businesses as debtor in possession pursuant to Code §§ 1107 and 1108. An official committee of unsecured creditors has not yet been appointed.

1

2.    The Debtor is a retailer of televisions, appliances, bedding, and related products in New England. In particular, the Debtor sells merchandise in 15 stores in Connecticut, Massachusetts, and Rhode Island.

3.    On this same date, the Debtor has filed with the Court a Motion for an order authorizing the Debtor to (a) sell substantially all of its assets free and clear of all liens, claims, and encumbrances; (b) conduct store closing or similar themed sales in accordance with the terms of the store closing sale guidelines; (c) assume Agency Agreement with Hilco Merchant Resources, LLC; and (d) pay bonus and incentive payments. Pursuant to that Motion, the Debtor intends to conduct store closing sales at all of its retail locations and close the stores. A Motion to Reject Unexpired Leases for the closed stores was filed contemporaneously with this Motion.

3.    The Lender is a secured creditor of the Debtor by virtue of a Credit Agreement dated December 28, 2007 (the "Loan"). To secure the Loan, the Lender claims a first priority security interest in virtually all of Debtors' personal property. As of January 11, 2010, the aggregate outstanding principal amount of the revolving loans owed by the Debtor to the Lender under the Prepetition Facility was approximately $10,499,299.10, the aggregate outstanding principal amount of the term loans (including any line to term loans) owed by the Debtor under the Prepetition Facility was approximately $2,169,087.20, the mark to market interest rate swap owed by the Debtor to the Lender was approximately $23,000.00, and there was no outstanding undrawn face amount due on account of letters of credit (together with any and all accrued and unpaid interest and other "Obligations" as defined in the Prepetition Credit Documents, the "<u>Prepetition Obligations</u>").

   4. Pursuant to Code § 363(c) and Bankruptcy Rule 400l(b), Debtor requires to use up to $4,354,266 of the cash collateral in which the Lender claims a security interest (the "Cash Collateral") through January 30, 2010 in accordance with the budget attached as <u>Exhibit A</u> to the proposed preliminary order accompanying this Motion, subject to the conditions set forth in such proposed preliminary order.  It is essential to the continued operation of the Debtor's business that it be allowed to use such Cash Collateral.  Thus, Debtor's use of Cash Collateral is necessary to avoid irreparable harm to the Debtor's estate.

   5. Pursuant to Code § 363(c) and Bankruptcy Rule 400l(b), Debtor requires to use up to $15,738,934 of Cash Collateral through March 31, 2010, inclusive, in accordance with the budget attached as <u>Exhibit A</u> to the proposed final order accompanying this Motion, subject to the conditions set forth in such order.

   6. The adequate protection granted to Lender pursuant to the conditions set forth in the proposed orders is sufficient to give adequate protection to Lender pursuant to Code §§ 363(c). Attached hereto as <u>Exhibit A</u>, is a concise statement of the terms of the relief sought in this Motion with reference to the location of such provisions in the proposed orders.

   7. The proposed Cash Collateral Order and the related terms of the Sale Motion are the result of extensive negotiations between the Debtor and the Lender. They are designed to protect the Debtor's customers and employees in that they provide for the honoring of customer deposits and

gift cards and provide financing for the payment of pre-petition wages, sales taxes and employee health insurance.

8.    Debtors will provide notice of a hearing on this Motion to each of their twenty largest unsecured creditors, the Internal Revenue Service, the States of Connecticut, Massachusetts, and Rhode Island, the United States Trustee, all parties which have appeared and requested notice and all secured creditors by overnight delivery, email or facsimile not later than January 14, 2010.

WHEREFORE, the Debtor prays that it be (i) authorized to use the cash collateral of the Lender under the terms set forth in the proposed Orders; and, (ii) granted such other and further relief as is just.

Dated at Hartford, Connecticut, this 14th day of January, 2010.

Bernie's Audio Video
TV Appliance Co., Inc.

By:_____/s/ Barry S. Feigenbaum_____
Barry S. Feigenbaum
Fed. Bar No. ct06605
Matthew T. Wax-Krell
Fed Bar. No. ct26905
Rogin Nassau LLC
Its Attorneys