**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ************************************ | : | PROCEEDINGS FOR |
| IN RE: | : | REORGANIZATION UNDER |
|    BERNIE'S AUDIO VIDEO | : | |
|    TV APPLIANCE CO., INC. | : | |
| | : | CHAPTER 11 |
|            DEBTOR | : | |
| | : | |
| | : | CASE NO. |
| ************************************ | | |

**MOTION FOR ORDER AUTHORIZING DEBTOR TO HONOR**
**PREPETITION CUSTOMER PROGRAMS**

TO:    THE HONORABLE ALBERT S. DABROWSKI
          CHIEF UNITED STATES BANKRUPTCY JUDGE:

      Bernie's Audio Video TV Appliance Co., Inc. (the "Debtor"), files this motion (the

"Motion") requesting the entry of an order authorizing, but not directing, the Debtor to honor

prepetition customer programs ("Customer Programs") , and hereby represents as follows:

      1)     This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and

1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  The statutory predicates for the

relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code (the

"Bankruptcy Code")

3) On the date hereof, Debtor filed its petition seeking relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code") with this Court, and now operates its businesses as debtor in possession pursuant to Code §§ 1107 and 1108. An official committee of unsecured creditors has not yet been appointed.

4) The Debtor is a retailer of televisions, appliances, bedding, and related products in New England. In particular, the Debtor sells merchandise in 15 stores in Connecticut, Massachusetts, and Rhode Island.

5) As of November 28, 2009, the Debtor had total assets of approximately $35,519,906 and total liabilities of approximately $35,210,158. The Debtor employs approximately 350 employees.

6) Prior to the Petition Date, in the ordinary course of business, the Debtor offered several Customer Programs, including: (a) receiving customer deposits for its products; (b) a 30 day return policy/refund program; and (c) gift certificates/gift cards.

7) As of January 11, 2010, the Debtor has customer deposit obligations in the approximate amount of 1,112,681 covering 1,020 customers. As of January 11, 2010, the Debtor had outstanding gift cards in the amount of $189,611.94.

8) The refund and exchange policy provides that all non-delivered merchandise must be returned within thirty days from the original date of purchase for credit, refund, or exchange; must

be unopened, in new and re-saleable condition, and must be accompanied by the original sales receipt, in the original carton with all original packaging, accessories, guarantees, and instruction manuals. Certain appliances may only be returned for defective exchange. Typically, refunds or exchanges constitute approximately 6.5% of total orders, of which the majority are exchanges.

9) The Debtor submits that it is essential that it be permitted to honor the Customer Programs in accordance with its prepetition practices in order to comply with applicable state law governing consumer protection and unfair trade practices. Moreover, any inability to honor the Customer Programs will attract significant negative publicity and result in a dramatic reduction in sales. Accordingly, the Debtor must be permitted to continue the Customer Programs without interruption or modification.

10) The Debtor submits that, generally, honoring the terms of Customer Programs, such as customer deposits, are ordinary course transactions for which the Debtor does not need court approval. See 11 U.S.C. §363(c). However, to the extent that the customer deposits do not represent "ordinary course" transactions, the Court may authorize the continued honoring of the customer deposits under 363(b) of the Bankruptcy Code. Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1). Under this section, a court may authorize a debtor to pay certain prepetition claims. See <u>Ionosphere Clubs</u>, 98 B.R, 174,

175 (Bankr. S.D.N.Y. 1989) (authorizing payment of prepetition claims where the debtors articulate "some business justification, other than the mere appeasement of major creditors"); In re James A. Phillips, Inc., 29 B.R. 391, 397 (S.D.N.Y. 1983) (authorizing, pursuant to section 363, a contractor to pay petition claims of some suppliers who were potential lien claimants, because the payments were necessary for the general contractors to release funds owed to the debtors).

      11)     Additionally, section 507(a)(7) of the Bankruptcy Code established a priority for "unsecured claims of individuals, to the extent of $2,425 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided." 11 U.S.C. §507(a)(7). The Debtor submits that the prepetition customer deposits may be entitled to priority claims under section 507(a)(7) of the Bankruptcy Code if the Court does not authorize the Debtor to honor the Customer Deposits. In re WW Warehouse, Inc., 313 B.R. 588 (Bankr. D. Del. 2004) (finding that gift certificate e holders are entitled to priority status).

      12)     In addition, section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a). A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the

rehabilitation of the debtor is not a novel concept." In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989).  Under Section 105(a), the court "can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor."  In re NVR L.P., 147 B.R. 126, 127 (Bankr. E.D. Va. 1992); see also In re Just for Feet, Inc., 242 B.R. 821, 825 (D. Del. 1999) ("to invoke the necessity of payment doctrine, a debtor must show that payment of the pre-petition claims is 'critical to the debtor's reorganization.'").

13) Federal courts have consistently permitted post-petition payment of pre-petition obligations where necessary to preserve or enhance the value of a debtor's estate for the benefit of all creditors.  See, e.g., Miltenberger v. Logansport Ry., 106 U.S. 286 (1882) (payment of pre-receivership claim prior to reorganization permitted to prevent "stoppage of [crucial] business relations"); Dudley v. Mealy, 147 F.2d 268 (2d Cir.), cert. denied, 325 U.S. 873 (1945); Michigan Bureau of Workers' Disability Comp. v. Chateaugay Corp. (In re Chateaugay Corp.), 80 B.R. 279 (S.D.N.Y. 1987), appeal dismissed, 838 F.2d 59 (2d Cir. 1988) (approving lower court order authorizing payment of prepetition wages, salaries, expenses, and benefits).

14) The relief requested in this Motion has been granted in other chapter 11 cases.  See, e.g., In re Better Bedding Shops, Inc., Case No. 09-20481 (Bankr. D. Conn. March 9, 2009) (order authorizing debtor to honor prepetition obligations to customers); In re Golfers' Warehouse, Inc., Case No. 09-21911 (Bankr. D. Conn. July 15, 2009) (same); In re KB Toys, Inc., Case No. 08-13269

(D. Del. December 12, 2008) (same); <u>In re Whitehall Jewelers Holdings, Inc., et al.</u>, Case No. 08-11262 (Bankr. D. Del. June 24, 2008) (same); <u>In re Sharper Image Corp.</u>, Case No. 08-10212 (Bankr. D. Del. Feb. 3, 2008) (same); <u>In re Linens Holdings Co.</u>, Case No. 08-10832 (Bankr. D. Del. May 2, 2008) (same).

15)  Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interest of its estate and creditors, and should be granted in all respects.

16)  The Debtor submits that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth above, Rule 6003 of the Federal Rules of Bankruptcy Procedure, to the extent applicable, has been satisfied.

17)  To successfully implement the foregoing, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the ten-day stay under Bankruptcy Rule 6004(h).

WHEREFORE, Debtor hereby requests an order authorizing, but not directing, the Debtor to honor prepetition customer deposits as more particularly set forth above.

Dated at Hartford, Connecticut, this 14th day of January, 2010.

           Bernie's Audio Video
           TV Appliance Co., Inc.

       By:    /s/ Barry S. Feigenbaum
           Barry S. Feigenbaum
           Fed. Bar No. ct06605
           Matthew T. Wax-Krell
           Fed Bar. No. ct26905
           Rogin Nassau LLC
           Its Attorneys