**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ************************************ | : | PROCEEDINGS FOR |
| IN RE: | : | REORGANIZATION UNDER |
|    BERNIE'S AUDIO VIDEO | : | |
|    TV APPLIANCE CO., INC. | : | |
| | : | CHAPTER 11 |
|             DEBTOR | : | |
| | : | |
| | : | CASE NO. |
| ************************************ | | |

**DEBTOR'S MOTION FOR AN ORDER AUTHORIZING DEBTOR TO
PAY PRE-PETITION SALES AND USE TAXES**

TO:     THE HONORABLE ALBERT S. DABROWSKI
        CHIEF UNITED STATES BANKRUPTCY JUDGE:

Bernie's Audio Video TV Appliance Co., Inc. (the "Debtor"), files this motion (the "Motion") for entry of an order authorizing, but not directing, the Debtor, to pay certain pre-petition sales and use taxes (the "Taxes") due to the States of Connecticut, Massachusetts, New York, and Rhode Island (the "Taxing Authorities"), and represents as follows:

    1)     This court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. §157(b).  The statutory predicates for the relief requested herein are sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code")

2) On the date hereof, Debtor filed its petition seeking relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code") with this Court, and now operates its businesses as debtor in possession pursuant to Code §§ 1107 and 1108. An official committee of unsecured creditors has not yet been appointed.

3) The Debtor is a retailer of televisions, appliances, bedding, and related products in New England. In particular, the Debtor sells merchandise in 15 stores in Connecticut, Massachusetts, and Rhode Island.

4) As of November 28, 2009, the Debtor had total assets of approximately $35,519,906 and total liabilities of approximately $35,210,158. The Debtor employs approximately 350 employees.

5) In the normal course of its business, the Debtor is required to collect sales taxes (the "Sales Taxes") from purchasers of its products on a per sale basis and periodically remit the Sales Taxes to the Taxing Authorities. Typically, Sales Taxes accrue as products are sold, and such taxes are calculated as a statutory percentage of the sale price. Sales Taxes are remitted on the basis of sales tax actually collected from customers.

6) The Debtor estimates that the Sales Taxes collected but not yet paid to the Taxing Authorities as of today aggregate approximately $20,091.75 to the State of Connecticut, $4,319.74 to the State of Massachusetts, $2,576.38 to the state of New York, and $2,432.41 to the State of Rhode

Island. These amounts are due to the State of Connecticut on or before January 31, 2010 to the State of Massachusetts on or before January 20, 2010, to the State of New York on or before March 20, 2010, and to the State of Rhode Island on or before January 20, 2010.

7) Pursuant to Section 105(a) of the Bankruptcy Code, the "court may issue any order process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. §105(a). The Debtor submits that the relief requested herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code.

8) The Taxes are afforded priority status under section 507(a)(8) of the Bankruptcy Code and, therefore, will not prejudice the rights of general unsecured creditors or other parties in interest.

9) To the extent that the Debtor has collected Taxes from its customers, such funds are held in trust by the Debtor for the benefit of the Taxing Authorities and do not constitute property of the Debtor's estate. See, e.g. Begier v. IRS, 496 U.S. 53 (1990); In re Shank, 792 F.2d 829, 830 (9th Cir. 1986) (sales taxes required by state law to be collected by sellers from their customers are "trust fund" taxes); DeChiaro v. New York State Tax Comm'n, 760 F.2d 432, 433-34 (2d Cir. 1985) (same). Accordingly, the Bankruptcy Code does not prohibit a debtor from paying such taxes.

10) Similar relief to that requested herein has been granted by other bankruptcy courts. In numerous chapter 11 cases, courts have authorized debtors to pay prepetition tax obligations. See,

e.g., In re Better Bedding Shops, Inc., Case No. 09-20481 (Bankr. D. Conn. March 9, 2009); In re Golfers' Warehouse, Inc., Case No. 09-21911 (Bankr. D. Conn. July 15, 2009); In re Whitehall Jewelers Holdings, Inc., et al., Case No. 08-11262 (Bankr. D. Del. June 24, 2008); In re Steve & Barry's Manhattan LLC, et al., Case No. 08-12579 (Bankr. S.D.N.Y. July 10, 2008); In re Fortunoff Fine Jewelry and Silverware, LLC, Case No. 08-10353 (Bankr. S.D.N.Y. Feb. 29, 2008); In re Sharper Image Corp., Case No. 08-10322 (Bankr. D. Del. Feb. 19, 2008).  The Debtor submits that the present circumstances warrant similar relief in its Chapter 11 case.

11)     Nothing in this Motion should be construed as impairing the Debtor's rights to contest the amount of any Taxes that may be due to any Taxing Authority, and the Debtor expressly reserves all of its rights with respect thereto.

12)     Based on the foregoing, the Debtor submits that the relief requested herein is necessary and appropriate, is in the best interest of its estate and creditors, and should be granted in all respects.

13)     The Debtor further submits that because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein, Rule 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") has been satisfied.

14) To successfully implement the foregoing, the Debtor seeks a waiver of the notice requirements under bankruptcy Rule 6004(a) and the ten-day stay under Bankruptcy Rule 6004(h).

15) A copy of this Motion is being served on each of the Debtor's twenty largest creditors as shown on the list thereof filed with this Court, the United States Trustee, Debtor's secured creditors, and the Attorneys General of the States of Connecticut, Massachusetts, and Rhode Island.

WHEREFORE, Debtor hereby requests an order authorizing, but not directing, the Debtor to pay prepetition sales and use taxes as more particularly set forth above.

Dated at Hartford, Connecticut, this 14th day of January, 2010.

> Bernie's Audio Video
> TV Appliance Co., Inc.
>
> By: ____/s/ Barry S. Feigenbaum_____
> Barry S. Feigenbaum
> Fed. Bar No. ct06605
> Matthew T. Wax-Krell
> Fed Bar. No. ct26905
> Rogin Nassau LLC
> Its Attorneys