**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | : | PROCEEDINGS FOR |
| IN RE: | : | REORGANIZATION UNDER |
|    BERNIE'S AUDIO VIDEO | : | |
|    TV APPLIANCE CO., INC. | : | |
| | : | CHAPTER 11 |
|                DEBTOR | : | |
| | : | CASE NO. |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | | |
|    BERNIE'S AUDIO VIDEO | : | |
|    TV APPLIANCE CO., INC. | : | |
| | : | |
|                MOVANT | : | |
| VS. | : | |
| | : | |
| 99 Federal Road LLC | : | |
| Bristol Fields, LLC | : | |
| Sard Realty I, LLC | : | |
| 2230 Berlin Turnpike LLC | : | |
| Galileo CNBS 51 IG LLC | : | |
| Orange Post Road Realty | : | |
| Southington Route 10 Associates L.P. | : | |
| Lakewood Road Investments LLC | : | |
| Chase Crossroads Waterford Square, LLC | : | |
| Harry Leiser Revocable Trust | : | |
| Lower Westfield Road, LLC | : | |
| Cumberland Avenue Plaza, LLC | : | |
| Stop & Shop Supermarket Company LLC | : | |
| Alan-Brian Realty Co. | | |
|                RESPONDENTS | | |
| | | |
| \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* | : | |

**MOTION TO REJECT UNEXPIRED LEASES**

TO:   THE HONORABLE ALBERT S. DABROWSKI
      CHIEF UNITED STATES BANKRUPTCY JUDGE:

Bernie's Audio Video TV Appliance Co., Inc. (the "Debtor"), files this motion (the "Motion") seeking an order of this Court permitting the Debtor to reject certain unexpired leases with 99 Federal Road LLC (the "Brookfield Landlord"), Bristol Fields, LLC (the "Enfield Landlord"), Sard Realty I, LLC ("Manchester Landlord"), 2230 Berlin Turnpike LLC (the "Newington Landlord"), Galileo CNBS 51 IG LLC (the "North Haven Landlord"), Orange Post Road Realty (the "Orange Landlord"), Southington Route 10 Associates L.P. (the "Southington Landlord"), Lakewood Road Investments LLC (the "Waterbury Landlord"), Chase Crossroads Waterford Square, LLC (the "Waterford Landlord"), Harry Leiser Revocable Trust (the "Auburn Landlord"), Lower Westfield Road, LLC (the "Holyoke Landlord"), Cumberland Avenue Plaza, LLC (the "North Attleboro Landlord"), Stop & Shop Supermarket Company LLC (the "Seekonk and Springfield Landlord"), Alan-Brian Realty Co. (the "Warwick Landlord") (collectively, the "Landlords") and represents as follows:

l.   On January 14, 2010 (the "Petition Date"), Debtor filed its petition seeking relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Code") with this Court, and now operates its businesses and properties as debtor in possession pursuant to Code §§ 1107 and 1108.

2. The Debtor is a retailer of televisions, appliances, bedding, and related products in New England. In particular, the Debtor sells merchandise in 15 stores in Connecticut, Massachusetts, and Rhode Island.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory basis for the relief sought herein is Section 365(a) of the Bankruptcy Code, and Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure. Venue of the Debtor's chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§1408 and 1409.

4. Prior to the Petition date, the Debtor entered into lease agreements with :

(i) the Brookfield Landlord dated December 24, 2007 (the "Brookfield Lease") for a location at 99 Federal Road, Brookfield, Connecticut (the "Brookfield Location");

(ii) the Enfield Landlord dated March 2, 2004, as amended by a First Amendment dated February 17, 2005, a Second Amendment dated April 6, 2005, a Third Amendment dated May 1, 2009, and a Fourth Amendment dated June 1, 2009 (collectively, the "Enfield Lease") for a location at 1559 King Street, Enfield, Connecticut (the "Enfield Location")

(iii) the Manchester Landlord dated November 16, 1994, as amended by a First Amendment dated December 19, 2007, and Second Amendment dated July 8, 2009

      (collectively, the "Manchester Lease") for a location at 101 Hale Road, Manchester, Connecticut (the "Manchester Location");

(iv) the Newington Landlord dated March 1, 1995, as amended by First Amendment dated August 31, 2004, a Second Amendment dated August 3, 2005, a Third Amendment dated September, 2006, a Fourth Amendment dated April, 2007, and a Fifth Amendment dated April 1, 2009 (collectively, the "Newington Lease") for a location at 2230 Berlin Turnpike, Newington, Connecticut (the "Newington Location");

(v) the North Haven Landlord dated February 4, 2005 (the "North Haven Lease") for a location at 410 Universal Dr. N., North Haven, Connecticut (the "North Haven Location");

(vi) the Orange Landlord dated May 26, 2004 (the "Orange Lease") for a location at 305 Boston Post Road, Orange, Connecticut (the "Orange Location");

(vii) the Southington Landlord dated October 25, 1991, as amended by First Amendment dated March 12, 1993, as amended by a First Amendment dated March 12, 1993, a Second Amendment and Restated Lease Agreement dated April 23, 1993, a Third Amendment dated April 23, 1993, and a Fourth Amendment dated October 22, 2002 (collectively, the "Southington Lease") for a located at 744 Queen Street, Southington, Connecticut.

(viii) the Waterbury Landlord dated June 3, 2004, as amended by Amendment to Lease dated October 12, 2004 and Second Modification of Lease dated May 1, 2009 (collectively, the "Waterbury Lease") for a location at 855 Lakewood Road, Waterbury, Connecticut (the "Waterbury Location");

(ix) the Waterford Landlord dated August 21, 1995, as amended by a First Amendment dated October 2, 2005 and a Second Amendment dated July 29, 2009 (collectively, the "Waterford Lease") for a located at 167 Waterford Parkway North, Waterford, Connecticut (the "Waterford Location");

(x) the Auburn Landlord dated April 22, 2005 as amended by undated Lease Amendment (the "Auburn Lease") for a location at 470 Southbridge Street, Auburn, Massachusetts (the "Auburn Location");

(xi) the Holyoke Landlord dated December 8, 1999 (the "Holyoke Lease") for a located at 250 Whiting Farms Road, Holyoke, Massachusetts (the "Holyoke Location")

(xii) the North Attleboro Landlord dated April 5, 1999, as amended by First Amendment dated December, 2008 (the "North Attleboro Lease") for a location at 40 Cumberland Avenue, North Attleboro, Massachusetts (the "North Attleboro Location");

(xii) the Seekonk and Springfield Landlord dated December 21, 2004, as amended by First Modification of Sublease dated May 1, 2009 (collectively, the "Seekonk Lease")

    for a location at 45 Highland Avenue, Seekonk, Massachusetts (the "Seekonk Location"); and

  (xiv) the Seekonk and Springfield Landlord dated April 19, 2004, as amended by a First Modification of Sub-SubLease dated May 1, 2009 (collectively, the "Springfield Lease") for a location at 1522 Boston Road, Springfield, Massachusetts (the "Springfield Location");

  (xv) the Warwick Landlord dated February 4, 1998, as amended by Lease Amendment and Exercise of Renewal Option dated September 7, 2007 (collectively, the "Warwick Lease," together with all of the above leases, collectively, the "Real Property Leases") for a location at 920 Bald Hill Road, Warwick, Rhode Island (the "Warwick Location," together with all of the above locations, collectively, the "Store Locations").

  5. On this same date, the Debtor has filed with the Court a Motion for an order authorizing the Debtor to (a) sell substantially all of its assets free and clear of all liens, claims, and encumbrances; (b) conduct store closing or similar themed sales in accordance with the terms of the store closing sale guidelines; (c) assume Agency Agreement with Hilco Merchant Resources, LLC; (d) pay bonus and incentive payments; (e) grant a lien to the Agent.  Pursuant to that Motion, the Debtor intends to conduct store closing sales at all of its retail locations and close the stores.  At the

conclusion of the store closings sales, once the stores have been closed, the Debtor will have no need to continue any of the retail store leases described above.

6. The rejection of the Real Property Leases is in the best interests of the Debtor's estate. "[A] bankruptcy court reviewing a trustee's or debtor-in-possessions' decision to assume or reject an executory contract [pursuant to §365] should examine a contract and the surrounding circumstances and apply its best business judgment to determine if it would be beneficial or burdensome to the estate to assume it." In re Wireless Data, Inc., 547 F.3d 484, 488 (2nd Cir. 2008). In its business judgment, Debtor has determined that it is in the best interests of the Debtor, its estate, and its creditors to reject the Real Property Leases.

7. Accordingly, the Debtor seeks this Court's approval to reject the Real Property Leases pursuant to Code § 365(a) effective the date that the Debtor gives the applicable Landlord possession of the applicable Premises, but in any event not later than March 31, 2010

WHEREFORE, the Debtor prays for an order of this Court permitting the Debtor to reject the Real Property Leases, and granting the Debtor such other relief as is just and equitable.

Dated at Hartford, Connecticut, this 14th day of January, 2010.

        Bernie's Audio Video
        TV Appliance Co., Inc.

        By: /s/ Barry S. Feigenbaum
        Barry S. Feigenbaum
        Fed. Bar No. ct06605
        Matthew T. Wax-Krell
        Fed Bar. No. ct26905
        Rogin Nassau LLC
        Its Attorneys