**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ************************************ | : | PROCEEDINGS FOR |
| IN RE: | : | REORGANIZATION UNDER |
|     BERNIE'S AUDIO VIDEO | : | |
|     TV APPLIANCE CO., INC. | : | |
| | : | CHAPTER 11 |
|                   DEBTOR | : | |
| | : | |
| | : | CASE NO. |
| ************************************ | | |

**ORDER APPROVING SALE GUIDELINES UNDER AGENCY AGREEMENT
AND GRANTING RELATED RELIEF**

Upon consideration of the Motion, dated January 13, 2010, filed by the above-captioned debtor and debtor-in-possession herein (the "Debtor" or "Merchant"), requesting, *inter alia*, the issuance and entry on an emergency basis of an interim order and, upon a final hearing, a final order: (I) authorizing and approving (A) the Sale of substantially all of the Debtor's assets free and clear of all liens, claims and encumbrances, and (B) the conduct of Store Closing or similar themed Sales; (ii) authorizing the Debtor to assume the Agency Agreement; (iii) authorizing the Bonus Payments; (iv) granting a lien to the Agent; (v) scheduling a hearing to consider relief requested on an interim basis, pending a final hearing, on or before January 15, 2010; and (vi) granting such other related relief as may be appropriate (the "Motion"); and the Court having subject matter jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a "core" proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other notice need be given; and upon the record of the hearing on the Motion conducted on January ___, 2010 (the "Initial Hearing"); and it appearing that the relief requested

in the Motion is in the best interest of the Debtor, its estate and creditors; and any objections filed to the Motion having been resolved, withdrawn, or otherwise overruled by the Court as provided in this Order; and after due deliberation, and sufficient cause appearing therefor,

IT IS HEREBY FURTHER FOUND AND DETERMINED, AS FOLLOWS:

      A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

      B.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

      C.      Effective January 13, 2010, the Debtor and the Hilco Merchant Resources, LLC (the "<u>Agent</u>") entered into the Agency Agreement (the "<u>Agency Agreement</u>").[1] A copy of the Agency Agreement is attached as **Exhibit A** to the Motion. The Agency Agreement was negotiated in good faith and at arms' length between the Debtor and Agent. The closing of the stores is in the best interest of the Debtor's estate and creditors.

      D.      Time is of the essence with respect to the relief granted herein. The Debtor will suffer immediate and irreparable harm if the relief set forth herein is not immediately granted. The Debtor has demonstrated good, sufficient, and sound business purposes and justification for the relief approved herein on an emergency basis.

      E.      Good cause therefore has been shown for the relief set forth herein and the entry of this Order on an expedited basis.

Now therefore, it is hereby

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them first in the Agency Agreement, and if not defined in the Agency Agreement, then in the Motion.

ORDERED, ADJUDGED AND DECREED THAT:

**The Sale and the Sale Guidelines**

1. The Sale Guidelines attached hereto as **Exhibit 1** (the "Sale Guidelines") as modified by any side letter agreement entered into by and between the Agent and any landlord, are hereby approved and shall be deemed to be the "Sale Guidelines" as referred to in the Agency Agreement.

2. The Motion has been continued until February ___, 2010 (the ("Continued Hearing Date"). From the date of entry of this Order through and including the Continued Hearing Date, the Agent shall have the right to use the Stores, Distribution Center and all related Store and Distribution Center services, furniture, fixtures, equipment and other assets of the Debtor as designated hereunder for the purpose of conducting the Sale free from interference of any entity or person, in accordance with the provisions of the Agency Agreement.

3. From the date of entry of this Order through and including the Continued Hearing Date, the Agent shall be granted a limited license and right to use during the Sale Term the trade names, logos and customer lists relating to and used in connection with the operation of the Stores and Distribution Center, solely for the purpose of advertising the Sale in accordance with the terms of this Order.

4. Nothing in this Order or the Agency Agreement and none of the Agent's actions taken in respect of the Sale shall be deemed to constitute an assumption by the Agent of any of Debtor's obligations relating to any of the Debtor's employees, nor shall the Agent become liable under any collective bargaining or employment agreement, if applicable, or be deemed a joint or successor employer with respect to such employees.

5. The Agent shall not be liable for any claims against the Debtor other than as expressly provided for in the Agency Agreement, and Agent shall have no successor liabilities whatsoever.

6. Except as may otherwise expressly be provided for in this Order, the Agency Agreement or the Sale Guidelines, the Debtor and/or the Agent (as the case may be) are authorized and empowered to transfer the Merchandise and Owned FF&E among the Stores and the Distribution Center.

7. The Agent is authorized to conduct, advertise, post signs, and otherwise promote the Sale as a "going out of business," "store closing", "sale on everything", "everything must go", or similar themed sale, without further consent of any person, in accordance with the terms and conditions of the Agency Agreement and the Sale Guidelines and without further compliance with applicable federal, state or local laws governing, *inter alia*, the conduct of store closing sales (the "Liquidation Sale Laws").  The term "Liquidation Sale Laws" shall be deemed not to include any Safety Laws or General Laws.

8. Each and every federal, state or local agency, department or governmental authority with regulatory authority over the Sale and all newspapers and other advertising media in which the Sale may be advertised are directed to accept this Order as binding authority so as to authorize the Debtor and the Agent to conduct the Sale, including, without limitation, conducting and advertising the Sale in accordance with the Sale Guidelines and this Order without the need to comply with Liquidation Sale Laws.

9. Subject to applicable state and local public health and safety laws ("Safety Laws"), and applicable tax, labor, employment, environmental and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively,

"General Laws"), but with respect to Liquidation Sale Laws and Banner and Signwalker Advertising (as defined herein) not subject to Safety Laws or General Laws, the Debtor and the Agent be, and they hereby are, authorized to take such actions necessary and appropriate to implement the Agency Agreement and to conduct the Sale without the necessity of a further order of this Court as provided by the Agency Agreement, including, but not limited to, advertising the Sale through the posting of signs (including the use of exterior banners) in accordance with the Agency Agreement and as otherwise provided in the Sale Guidelines.

      10.    Except as to the States (as to which no injunction shall apply whatsoever), and except as expressly provided for herein or in the Sale Guidelines: no person or entity, including but not limited to any landlord or federal or Local Governmental Unit (as defined below): (i) served with a copy of the Motion; or (ii) served with a copy of this Order who does not object pursuant to the provisions of this Order, shall take any action to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the Sale, or the advertising and promotion (including the posting of signs and use of sign walkers) of such Sale, and all such parties and persons of every nature and description, including landlords and utility companies and all those acting for or on behalf of such parties, are prohibited and enjoined from (a) interfering in any way with, or otherwise impeding the conduct of the Sale and/or (b) instituting any action or proceeding in any court or administrative body seeking an order or judgment against, among others, the Debtor, the Agent, or the Debtor's landlords for the Stores that might in any way directly or indirectly obstruct or otherwise interfere with or adversely affect the conduct of the Sale and/or seek to recover damages for breach(es) of covenants or provisions in any lease or sublease based upon any relief authorized herein. This Court shall retain exclusive jurisdiction to resolve such dispute, and such parties or persons shall take no action against the Debtor, the

Agent, the landlords or the Sale until this Court has resolved such dispute. This Court shall hear the request of such persons or parties with respect to any such disputes on an expedited basis, as may be appropriate under the circumstances. No Governmental Units (as defined in section 101(27) of the Bankruptcy Code) shall be bound by this injunctive provision unless it was either previously served with the Motion or subsequently served with this Order, and has had an opportunity to object as provided in this Order, and failed to timely file an objection.

11. Except as may otherwise expressly be provided for in this Order, the Agency Agreement or the Sale Guidelines, the Sale at the Stores shall be conducted by the Debtor and the Agent without the necessity of compliance with any federal, state or local statute or ordinance, including any Landmark ordinance, lease provision or licensing requirement affecting store closing, "going out of business," liquidation or auction sales, or affecting advertising, including signs, banners, posting of signage, and use of sign walkers, other than Safety Laws and General Laws, except as may otherwise expressly be provided for in the Sale Guidelines. NOTWITHSTANDING THE FOREGOING SENTENCE, OR ANY OTHER PROVISION OF THIS ORDER, OR OF THE AGENCY AGREEMENT, OR OF THE SALE GUIDELINES TO THE CONTRARY, with respect solely to Agent's use, in conformity with the Sale Guidelines, of (i) signwalkers; (ii) interior store signage and banners; and (iii) exterior banners ("Banner and Signwalker Advertising"), (A) Agent is unconditionally authorized to use Banner and Signwalker Advertising (except only to the extent limited by an agreement between Agent and a landlord entered into in connection with the Sale) notwithstanding any Liquidation Sales Laws, Safety Laws, General Laws, or lease provision which purports to regulate, prohibit, restrict, or in any way limit such activity so long as such activity is undertaken by Agent in a safe and professional manner; (B) any person (including without limitation any landlord or Governmental

Unit (but not the States)) who, after having received a copy of this Order, and after having been specifically advised in writing of the provisions of this Section, continues to interfere with any Banner and Signwalker Advertisement, including any action by a Governmental Unit taken against a landlord based on the activities of Agent undertaken pursuant to this Order (other than by seeking redress to this Court as provided in this Section or as permitted by further ruling of the Court as a result thereof) shall be liable to Agent and/or Debtor and affected landlord(s) for any and all damages resulting from such continued interference; and (C) this Court shall retain exclusive jurisdiction with respect to any claim or issue by any person (including without limitation any State, Governmental Unit, or landlord) that seeks to regulate, prohibit, restrict, or in any other way limit Banner and Signwalker Advertising, or that alleges that Banner and Signwalker Advertising is not being undertaken in a safe and professional manner, with any such claim or issue to be heard by this Court on an expedited basis.

12. Except as expressly provided for in the Agency Agreement, the Sale at the Stores shall be conducted by the Debtor and the Agent notwithstanding any restrictive provision of any lease, sublease or other agreement relative to occupancy affecting or purporting to restrict the conduct of the Sale, the rejection of leases, abandonment of assets or "going dark" provisions, provided, however, that nothing in this Order shall impact any objection that any of the Debtor's landlords may have to assumption, assignment or rejection of their respective lease or to any proposed cure amount or rejection damages claim in association with such assumption, assignment or rejection.

13. Except as expressly provided in this Order, nothing in this Order shall be deemed to bar any Governmental Units from enforcing Safety Laws and General Laws in the applicable non-bankruptcy forum, subject to the Debtor's or Agent's right to assert that any such laws are

not in fact Safety Laws or General Laws or that such enforcement is impermissible under the Bankruptcy Code, this Order or otherwise, and provided further that the Governmental Unit shall in the first instance present the matter to this Court for resolution, or to request that they be permitted to proceed with the matter in the applicable non-bankruptcy forum, provided however the Governmental Unit shall provide the Debtor and Agent and any affected landlord with reasonable notice and opportunity to cure any such alleged violation absent extenuating circumstances and/or to oppose the relief sought by such Governmental Unit; provided further, however, cessation of alleged unlawful conduct after notice shall not, in and of itself, render moot court action by any State, under any circumstances, seeking injunctive relief that may lie even if the Debtor or the Agent has ceased the alleged unlawful conduct.  The Debtor and/or the Agent and affected landlord do not waive the right to argue that the conduct was in compliance with this Order and/or any applicable law, or preempted by applicable law. In the event that the Debtor and the Agent are unable to have such Governmental Unit withdraw any citations that may be issued by a Governmental Unit against a landlord, then such landlord shall have the right to file a claim for its reasonably costs and expenses, including attorneys fees, incurred in connection with such citation.

14. Agent shall not supplement the Merchandise in the Sale, but shall be permitted to move Merchandise between the Stores.

15. The Debtor shall serve copies of this Order within two (2) business days, via first class mail, upon (i) the State Attorney General's offices and State Consumer Protection Agency for each State where a Store or Distribution Center is located, and (ii) the Local mayor or similar representative of each village, or city official, and the county or parish where a Store or Distribution Center is located, addressed to the attention of the municipal, city or county

attorney, in each case to the consumer protection division. Except as otherwise expressly provided in this Order, this Court shall retain exclusive jurisdiction to resolve any dispute arising under local Liquidation Sale Laws and related to the Sale Guidelines, the Agency Agreement, or this Order, by any Governmental Unit raised on or before the Continued Hearing Date. Except as provided in this Order with respect to Banner and Signwalker Advertising, nothing herein shall preclude any Governmental Unit from enforcing Safety Laws or General Laws in an appropriate non-bankruptcy forum. Except as otherwise expressly provided in this Order, this Court shall retain exclusive jurisdiction to resolve any dispute arising under local Liquidation Sale Laws and related to the Sale Guidelines, the Agency Agreement, or this Order, by any Governmental Unit raised on or before the Continued Hearing Date. Except as provided in this Order with respect to Banner and Signwalker Advertising, nothing herein shall preclude any Governmental Unit from enforcing Safety Laws or General Laws in an appropriate non-bankruptcy forum.

      16.     Provided that the Sale is so conducted in accordance with this Order (and subject to the provisions of this Order), the Debtor, the Agent and the Debtor's landlords shall be presumed to be in compliance with any State, county, parish or municipal or other local government's (hereinafter referred to as "Local") requirements governing the conduct of the Sale, including but not limited to the Liquidation Sale Laws of (i) any Governmental Unit served with a copy of the Motion; and (ii) any Governmental Unit served with this Order and who does not object pursuant to the provisions of this Order. Notwithstanding any other provision in this Order, nothing herein shall exempt the Debtor and/or the Agent from compliance with any Safety Laws or General Laws or preclude any governmental entity from enforcing any Safety Laws or General Laws in the appropriate non-bankruptcy forum.

17. Nothing herein shall be deemed to constitute a ruling on whether any non-bankruptcy state law, regulation or rule applicable to the Sale is preempted by the Bankruptcy Code nor as to whether the automatic stay applies nor is this Order a ruling with respect to whether sovereign immunity applies, and the failure of any State to object to the entry of this Order shall not operate as a waiver with respect thereto.

18. All state and federal laws relating to implied warranties for latent defects shall be complied with and are not superseded by the sale of said goods or the use of the terms "as is" or "final sales." The Agent shall accept return of any goods that contain a defect which the lay consumer could not reasonably determine was defective by visual inspection prior to purchase for a full refund, provided that the consumer must return the merchandise within the time period proscribed by the Debtor's return policy that was in effect when the merchandise was purchased (except with respect to items purchased during the Sale, in which case such items must be returned within twenty-one (21) days of purchase), the consumer must provide a receipt, and the asserted defect must in fact be a "latent" defect. The Debtor shall reimburse Agent for any documented refund attributable to a "latent" defect as part of the weekly sale reconciliation process.

19. Except as may otherwise expressly be provided for in this Order, the Agency Agreement or the Sale Guidelines, the Sale shall be conducted by the Debtor and the Agent notwithstanding any restrictive provision of any lease, sublease or other agreement relative to occupancy, including (without limitation) reciprocal easement agreements, agreements containing covenants, conditions and restrictions (including, without limitation, "go-dark" provisions and landlord recapture rights), or other similar documents or provisions (collectively, the "<u>Restrictive Documents</u>"), affecting or purporting to restrict the conduct of the Sale, the

rejection of leases, abandonment of assets or "going dark" provisions; <u>provided</u>, <u>however</u>, that nothing in this Order shall impact any objection a landlord may have to assumption, assignment or rejection of their respective lease or to any proposed cure amount or rejection damages claim in association with such assumption, assignment or rejection, all of which are expressly reserved.

20.    The Debtor is authorized, notwithstanding any restrictive provision of any lease purporting to affect the Store Closing Sales, to sell the Assets and to take such other and further actions as may be necessary to effectuate the Store Closing Sales, provided that such actions do not violate the Sale Guidelines.

21.    Except as otherwise explicitly provided in this Order, nothing in this Order shall (a) alter or affect the Debtor's obligation to comply with section 365(d)(3) of the Bankruptcy Code or (b) alter or modify the rights of any lessor or other counterparty to a lease with the Debtor to file an appropriate motion or otherwise seek appropriate relief if the Debtor fail to comply with Section 365(d)(3) of the Bankruptcy Code.

22.    The Agent is a party-in-interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to the Agency Agreement and the conduct of the Sale.

23.    The final hearing to consider entry of the Approval Order (the "<u>Final Hearing</u>") is scheduled for February ___, 2010 at ___:___ __.m. (prevailing Eastern time) before The Honorable _____, United States Bankruptcy Judge, Courtroom _____ at the United States Bankruptcy Court for the District of Connecticut.

**General Provisions**

24.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

25. The failure specifically to include any particular provisions of the Agency Agreement or in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Agency Agreement be authorized and approved in their entirety.

26. To the extent, if any, anything contained in this Order conflicts with a provision in the Agency Agreement or the Sale Guidelines, this Order shall govern and control; provided, however, any side letter entered into by and between the Agent and any landlord shall control.

27. The Court shall retain exclusive jurisdiction over the parties to enforce this Order and the relief provided for herein, the Agency Agreement, the Sale Guidelines, all amendments or modifications to any of the foregoing, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects, and to determine disputes thereunder, and protect the Agent against any Liens or interference with the Sale, or to resolve any disputes relating to the Sale or the Agency Agreement or the implementation thereof.

28. Notwithstanding any provision of this Order to the contrary, this Order shall not constitute the Approval Order or the approval or the assumption of the Agency Agreement.

## Exhibit 1

**Sale Guidelines**