# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF CONNECTICUT
### Bridgeport Division

| | |
|---|---|
| *In re:* | ) |
| | ) Chapter 11 |
| BERNIE'S AUDIO VIDEO TV APPLIANCE | ) |
| CO., Inc., | ) Case No. 10-20087 (ASD) |
| | ) |
| Debtor. | ) |
| | ) |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO RETAIN AND EMPLOY BDO CONSULTING, A DIVISION OF BDO SEIDMAN, LLP AS FINANCIAL ADVISOR *NUNC PRO TUNC* TO JANUARY 28, 2010

THE HONORABLE ALBERT S. DABROWSKI,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

The applicant, the Official Committee of Unsecured Creditors (the "Committee"), through its undersigned chair, seeks an order, pursuant to Sections 1103(a) and 328(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure and D. Conn. LBR 2014-1, authorizing the retention and employment of the firm of BDO Consulting, a division of BDO Seidman, LLP ("BDO") as its financial advisor in the above captioned case, effective as of January 28, 2010. In support of this Application, the Committee relies on the Affidavit of Kevin J. Kaden attached as Exhibit A hereto ("Kaden Affidavit").

In support thereof, the Committee further represents as follows:

1. On January 14, 2010 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut.

2. On January 27, 2010, the United States Trustee for the District of Connecticut, pursuant to Section 1102 of the Bankruptcy Code, appointed the Committee.

3. The Committee has selected the firm of BDO to serve as its financial advisor in this case.

5. BDO is an accounting, consulting and financial advisory firm which maintains offices at 135 West 50th Street, New York, New York 10020, and other locations throughout the United States. BDO's professionals have extensive familiarity with the accounting practices in insolvency matters in the bankruptcy courts in the District of Connecticut and in other states.

6. Subject to the Court's approval of BDO's retention, BDO proposes to provide financial advisory services to the Committee.

7. The Committee has determined that it is in the best interests of unsecured creditors and the Debtor's estate to retain financial advisors to assist the Committee in this chapter 11 case. The Committee desires to retain BDO to provide such financial services as BDO and the Committee deem necessary and beneficial to the Committee and all unsecured creditors. The services that the Committee may request include, but are not limited to, the following services:

    a. Perform forensic investigating services, as requested by the Committee and counsel, regarding pre-petition activities of the Debtor in order to identify potential causes of action, including investigating intercompany transfers, improvements in position, and fraudulent transfers;

  b.  Analyze the financial operations of the Debtor pre-petition, as necessary;

  c.  Analyze transactions with insiders, related and/or affiliated companies;

  d.  Attend meetings of the Committee and conference with representatives of the Committee and their counsel; and

  e.  Perform other necessary services as the Committee or the Committee's counsel may request from time to time with respect to the financial, business and economic issues that may arise, including services related to the liquidation.

  8.  It is essential that the Committee employ a financial advisor to render the foregoing professional services in order to assist the Committee with its duties and to handle the many issues that may arise in the context of this case. The Committee believes that BDO is qualified to serve it in this chapter 11 case and that the retention of BDO is in the best interests of the estate and creditors. The services to be rendered by BDO will not duplicate the services to be rendered by any other professionals retained by the Committee in this bankruptcy case, and every effort will be made to ensure that BDO's services are rendered in the most cost-effective manner possible.

  9.  BDO's proposed compensation is set forth in the accompanying Affidavit of Kevin J. Kaden (the "Kaden Affidavit"). In summary, the Debtor's estate shall reimburse BDO for its hourly professional charges and disbursements. The Committee and BDO understand that any compensation or reimbursement of expenses paid to BDO must be approved by this Court upon application consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and any administrative or other order concerning professional compensation and reimbursement entered in these proceedings. The hourly billing rates as of the date of the Kaden Affidavit are as follows, but subject to change in the ordinary course of BDO's business:

    Partners/Managing Directors    $500 to $800 per hour

| | |
|---|---|
| Directors & Sr. Managers | $350 to $600 per hour |
| Managers | $275 to $395 per hour |
| Seniors | $200 to $350 per hour |
| Staff | $150 to $225 per hour |

10. To the best of the Committee's knowledge and subject to the Kaden Affidavit, BDO represents no other entity in connection with this case, BDO is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and BDO does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed.

## NOTICE, PRIOR APPLICATION AND WAIVER OF BRIEF

11. Notice of the instant Application, including the Kaden Affidavit filed herewith, is being given to (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) counsel for the Debtors' secured lender; and (iv) all parties who have filed an electronic notice of appearance in this case.

12. No previous application for the relief requested herein has been made to this or any other Court.

13. The Committee submits that the Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above and, accordingly, submits that no brief is necessary.

14. To the best of the Committee's knowledge, BDO has no connection with the creditors or any other adverse party or their attorneys except as otherwise noted in the attached Kaden Affidavit.

**WHEREFORE,** the Committee respectfully requests that this Court enter an Order (i) authorizing the retention of BDO as its financial advisor, effective as of January 28, 2010, on the terms and conditions set forth herein, with fees and expenses to be paid pursuant to the

4

Bankruptcy Rules, the Local Rules of this Court, and such other orders as the Court may direct, and (ii) granting such other and further relief as the Court deems necessary and just.

Dated: February __, 2010    THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
OF Bernie's Audio Video TV Appliance Co., Inc.

BY: _____
    Ajay Vadera
    Monster Cable, Inc..

Chairperson of the Official Committee of Unsecured Creditors